2011 UT App 62

**STATE of Utah, Plaintiff and Appellee,**

v.

**John M. McHUGH, Defendant and Appellant.**

No. 20090767–CA.

Court of Appeals of Utah.

March 10, 2011.

Dana M. Facemyer, Provo, for Appellant.

Mark L. Shurtleff and Brett J. DelPorto, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 John M. McHugh appeals his conviction on a charge of making a terroristic threat. We affirm.

¶ 2 McHugh argues that the State violated his due process rights by suppressing evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The suppression of evidence favorable to a defendant is a violation of due process if the evidence is material to either guilt or punishment. *See id.* at 87, 83 S.Ct. 1194. There are three elements needed to establish a *Brady* violation. *See Tillman v. State,* 2005 UT 56, ¶ 28, 128 P.3d 1123 (citing *Strickler v. Greene,* 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)). First, the evidence at issue must be favorable to the defendant. *See id.* Second, the evidence must have been suppressed by the State. *See id.* And third, the suppression of the evidence must be prejudicial. *See id.* Moreover, the suppression of favorable evidence will result in a reversal of a conviction only if the defense did not become aware of the evidence until after trial. *See State v. Bisner,* 2001 UT 99, ¶ 36, 37 P.3d 1073.

¶ 3 McHugh has not shown that the allegedly suppressed evidence would be favorable to him. He merely speculates that the recordings may contain inconsistent statements of a witness, Tammy Baker. There is nothing in the record to support that the recordings, if any, would include exculpatory or impeachment evidence. Furthermore, McHugh has shown no prejudice from the lack of the recordings. Although he asserts that Baker was the key witness for the State, she, in fact, was called by the defense. Two other witnesses testified for the State regarding independent conversations they had with McHugh in which he confessed to calling in the bomb threat. Additionally, phone records established that the call originated from McHugh's phone and that the phone was in his possession within the time frame of the call. Given the strength of the other evidence, the mere possibility of some inconsistent statements does not establish prejudice. Accordingly, McHugh has not shown that his due process rights were violated under *Brady.*

¶ 4 McHugh also asserts that he received ineffective assistance of trial counsel because counsel failed to obtain the recordings. To establish a claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. *See State v. Dunn,* 850 P.2d 1201, 1225 (Utah 1993). It is an appellant's burden to assure that the appellate record is adequate to evaluate his claims. *See State v. Litherland,* 2000 UT 76, ¶ 16, 12 P.3d 92. Where the record is lacking, an appellant may move for remand under rule 23B of the Utah Rules of Appellate Procedure to put facts on the record necessary to review an ineffective assistance claim. *See id.* ¶ 14. If an appellant is aware of nonspeculative facts not appearing on the record that would support a claim of ineffective assistance of counsel, it is the appellant's obligation and burden to move for a temporary remand to address those facts. *See id.* ¶ 16.

¶ 5 Here, the record is inadequate to evaluate McHugh's claim regarding ineffec-

tive assistance because transcripts of the recordings are not part of the record on appeal. Because the content of the recordings is not known, any claim of ineffective assistance is merely speculative. McHugh cannot show prejudice from counsel's failure to obtain the recordings because he has not produced them. The mechanism for making the recordings part of the record on appeal is through rule 23B, which provides for temporary remand for the purpose of determining facts relevant to ineffective assistance of counsel claims where the record was otherwise inadequate to address such claims. *See* Utah R.App. P. 23B. However, McHugh did not pursue this remedy. "Where the record appears inadequate in any fashion, ambiguities or deficiencies resulting therefrom simply will be construed in favor of a finding that counsel performed effectively." *Litherland,* 2000 UT 76, ¶ 17, 12 P.3d 92. Accordingly, this court must presume that trial counsel performed effectively.

¶ 6 Affirmed.